UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PABLO RAMON GUERRERO, | Case No. 3:26-cv-00154-MMD-CSD |
| Petitioner, | SCREENING ORDER |
| v. | |
| DEBORAH BORGAS, | |
| Respondent. | |

*Pro se* Petitioner Pablo Ramon Guerrero filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1 ("Petition")), a motion for leave to proceed *in forma pauperis* (ECF No. 1 ("IFP Motion")), and a motion for appointment of counsel. (ECF No. 1-2 ("Motion for Counsel")). Based on Guerrero's Financial Certificate (ECF No. 4), the Court finds that good cause exists to grant the IFP Motion. Following an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), the Court directs service of the Petition and grants the Motion for Counsel.

I.    BACKGROUND[1]

Guerrero challenges his state court conviction in *State of Nevada v. Pablo v. Guerrero*, 02C180840-2. A jury found Guerrero was found guilty of burglary, preventing or dissuading a victim from reporting a crime, sexual assault, conspiracy to commit burglary, two counts of burglary while in possession of a firearm, conspiracy to commit kidnapping, first-degree kidnapping while using a deadly weapon, first-degree kidnapping while using a deadly weapon resulting in substantial bodily harm, conspiracy to commit

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts found at https://www.clarkcountycourts.us/portal and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

murder, attempted murder while using a deadly weapon resulting in substantial bodily harm, conspiracy to commit robbery with use of a deadly weapon, robbery with use a deadly weapon, and grand larceny. The state court entered the judgment of conviction on March 31, 2004, sentencing Guerrero to an aggregate of 30 years to life. Guerrero appealed, and the Nevada Supreme Court affirmed in part, reversed in part, and remanded the matter to the state court. *Pablo R. Guerrero v. State of Nevada*, No. 43115. Specifically, the Nevada Supreme Court reversed Guerrero's conviction for conspiracy to commit robbery because the state district court erroneously used the deadly-weapon enhancement. The state court entered an amended judgment of conviction in compliance with the Nevada Supreme Court's order on August 15, 2005.

Guerrero filed a state habeas petition on June 6, 2006. The state court appointed counsel, who filed a supplemental petition on April 12, 2007. After an evidentiary hearing, the state court denied the petition on November 23, 2011. Guerrero appealed, and the Nevada Supreme Court affirmed the denial of the petition on January 16, 2013. *Pablo Ramon Guerrero v. State of Nevada*, No. 59697. Remittitur issued on February 12, 2013.

Guerrero filed a federal habeas petition on April 1, 2013, in case number 2:13-cv-00328-JAD-DJA. The Court denied Guerrero federal habeas relief on April 9, 2020, and Judgment was entered.

Guerrero filed second, third, and fourth state habeas petitions. Guerrero was denied relief and appealed. The Nevada Supreme Court affirmed the denial of the second state habeas petition on June 15, 2017. *Pablo Ramon Guerrero v. State of Nevada*, No. 69678. The Nevada Court of Appeals affirmed the denial of the third state habeas petition on March 14, 2019. *Pablo Ramon Guerrero v. Jo Gentry, Warden*, No. 75293-COA. And the Nevada Court of Appeals affirmed the denial of the fourth state habeas petition on March 12, 2020. *Pablo Ramon Guerrero v. State of Nevada*, No. 78247-COA.

2

On March 17, 2025, the state court entered a third-amended judgment of conviction. (ECF No. 1-1 at 37–40.) That third-amended judgment of conviction stated the following: "on the 17th day of March 2025, following communication received from the Nevada Department of Corrections (NDC), COURT ORDERED, credit for time served to reflect EIGHT HUNDRED FORTY-FIVE (845) DAYS and Third Amended Judgment of Conviction WILL ISSUE." (*Id*. at 40.)

## II.   DISCUSSION

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The Court finds that service of the Petition on Respondents is warranted here.[2]

The Court now turns to Guerrero's Motion for Counsel. There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007)). An indigent petitioner may still

---

[2]Although Guerrero's Petition challenges the same convictions that he challenged in case number 2:13-cv-00328-JAD-DJA, a successive petition is not barred when the petitioner challenges a new judgment. And here, it appears that Guerrero's third-amended judgment of conviction amounts to a new, intervening judgment because "a court's recalculation and alteration of the number of time-served or other similar credits awarded to a petitioner constitutes a new judgment." *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017); *see also Magwood v. Patterson*, 561 U.S. 320, 332–33, 341–42 (2010) (holding that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged," so "where . . . there is a 'new judgment intervening between the two habeas petitions,' [the petition] challenging the resulting new judgment is not 'second or successive' at all"); *Turner v. Baker*, 912 F.3d 1236 (9th Cir. 2019) (holding that, under Nevada law, a state court's amended judgment awarding a defendant credit for time served constitutes a new judgment).

request appointed counsel. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *See id*. (authorizing appointed counsel when "the interests of justice so require"). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds that the appointment of counsel is in the interests of justice given the procedural complexities of this case. The Court provisionally appoints the Federal Public Defender ("FPD") to represent Guerrero.

**III.     CONCLUSION**

It is therefore ordered that the IFP Motion (ECF No. 1) is granted.

It is further ordered that the Motion for Counsel (ECF No. 1-2) is granted.

It is further kindly ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, (3) electronically provide Respondents' counsel a copy of the Petition (ECF No. 1-1), this Order, and all items previously filed in this case by regenerating the Notices of Electronic Filing, (4) send the FPD a copy of this Order and the Petition (ECF No. 1-1), and (5) send a copy of this Order to Guerrero and the CJA Coordinator for this division.

It is further ordered that Respondents' counsel enter a notice of appearance within 14 days of entry of this Order. No further response will be required until further order.

It is further ordered that the FPD is provisionally appointed as counsel and will have 30 days to (1) undertake direct representation of Guerrero by filing a notice of appearance or (2) indicate the office's inability to represent Guerrero in these proceedings. If the FPD is unable to represent Guerrero, the Court will appoint alternate counsel. Appointed counsel will represent Guerrero in all federal proceedings related to

4

this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance.

It is further ordered that any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Guerrero remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the Petition and/or by granting any extension thereof, the Court makes no finding or representation that the Petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

DATED THIS 17th Day of March 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE